**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY
OR, IN THE ALTERNATIVE, TO STRIKE UNSUPPORTED STATEMENTS**

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL B. MUKASEY,<br>　ATTORNEY GENERAL,<br>　U.S. DEPARTMENT OF<br>　JUSTICE, et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:03CV01551 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff's reply to defendants' memorandum in opposition to plaintiff's motion to compel interrogatories contains several erroneous and unsupported factual allegations. Defendants hereby file this brief sur-reply to clarify and correct the record as follows:

　　1.　Plaintiff claims that he "was denied inspection certification for two years." Pl.'s Reply at 2. The only issue remaining before the Court is whether the denial of plaintiff's request to participate in an inspection of the FBI's Los Angeles field office in February 2005 constitutes unlawful reprisal. Plaintiff's claim that the inspection denial extended for two years not only is wholly unsubstantiated, but it is misleading because, in fact, plaintiff had the opportunity to participate in 20 inspections during the ensuing two-year period. Declaration of Patrick J. Maley (Maley Dec.) (attached hereto as Exhibit A) ¶ 2. The only request that plaintiff submitted, for an investigation of the Office of Professional Responsibility ("OPR"), was granted in August 2006 and plaintiff became inspection certified after completion of that investigation in February 2007. *Id.* ¶ 3. Plaintiff bore the responsibility to request to participate in another inspection in order to

gain certification and it is therefore inaccurate to state or otherwise imply that the FBI denied plaintiff's certification during a period in which he did not request participation in and inspection.  Plaintiff has not adduced any evidence whatsoever that he was prevented from participating in an inspection at any time during the two-year period.

      2.  As stated in its memorandum in opposition to plaintiff's motion to compel interrogatory responses, an FBI employee must be inspection certified in order to be selected for a position as an Assistant Special Agent in Charge ("ASAC").  Defs.' Opp. Memo at 3.  Although plaintiff implies that he was "disqualified" from applying for an ASAC position during the period from February 2005 until February 2007 because of the FBI's denial of his request to participate in the February 2005 inspection (Pl.s' Reply at 2), he does not provide any support in the record for this claim.  In fact, the only evidence is that plaintiff failed to request to participate until August 2006, when he agreed to participate in an investigation of OPR; the OPR investigation spanned the period from August 2006 to February 2007 and, upon its conclusion, plaintiff became inspection certified .   Maley Dec. ¶¶ 3-4.

      3.  Plaintiff alleges that, because he is a Special Agent, any Senior Executive Service (SES) position he would have applied for would constitute an "agent" position and claims that the FBI has conceded that he was excluded from such positions. Pl.'s Reply at 3.  The government's opposition does not make such a concession.  To the contrary, the opposition states that not all SES jobs, including those at FBI Headquarters, are considered to be "agent"positions.  Defs.' Opp. Memo at 3 n.3.  Further, the record does not support plaintiff's assertion that "it is common knowledge that inspection certification is heavily weighed in favor of all SES

applicants." Pl.'s Reply at 3 n.1.   Rather, the record establishes that inspection certification is required only for the GS-15 ASAC position and that it is not considered for promotions to management positions such as those plaintiff has applied for at FBI Headquarters.  Defs.' Opp. Memo at 3.

4.  Plaintiff erroneously states, again without citation to the record or any other support, that inspection certification is expected from agents who want to be promoted from the GS-15 level to SES.  Pl.'s Reply at 3.  In fact, as set forth in the FBI's policy manual, inspection certification is required only for the GS-15 ASAC position.  Defs.' Opp. Memo at 3.

5.  Plaintiff asserts that he has been monitoring job postings to assess those positions for which he "realistically believed he would be selected," Pl.'s Reply at 4, but does not present any evidence to support either what such monitoring has entailed or why he would (or would not) be selected.  Thus, plaintiff has not provided a sufficient rationale for why such job posting information is probative on the issue of damages and, further, how such information with respect to the ASAC positions back to 1990 in particular is necessary.

Based on the above-noted deficiencies relating to putative "factual" assertions contained in plaintiff's reply, such assertions are not probative as to the issue of whether plaintiff is entitled to compel further answers to plaintiff's interrogatories.  Indeed, to the extent these statements are either erroneous or lacking an evidentiary foundation, they should not be considered by the Court.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in defendants' memorandum in opposition to plaintiff's motion to compel answers to interrogatories, plaintiff's motion to compel should be denied.

Dated: November 14, 2008                                  Respectfully submitted,

                                                          GREGORY A. KATSAS
                                                          Assistant Attorney General

                                                          JEFFREY A. TAYLOR
                                                          United States Attorney

                                                          STUART A. LICHT
                                                          Assistant Branch Director
                                                          Civil Division

                                                          /s/
                                                          CARLOTTA P. WELLS
                                                          HELEN HONG
                                                          Civil Division/Federal Programs Branch
                                                          U.S. Department of Justice
                                                          P.O. Box 883
                                                          Washington, D.C. 20044
                                                          (202) 514-4522 (telephone)

                                                          Counsel for Defendants

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------x
BASSEM YOUSSEF,                      :
                                     :
        Plaintiff,              :
                                     :
v.                                   :   Case No. 1:03CV01551 (CKK)
                                     :
MICHAEL B. MUKASEY, Attorney General,:
United States Department of Justice, et al., :
                                     :
        Defendants.             :
------------------------------------x

## DECLARATION OF PATRICK J. MALEY

I, Patrick J. Maley, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am the Chief Inspector of the Inspection Division, Federal Bureau of Investigation (FBI). As part of my position, I monitor, review, and maintain information concerning inspections conducted by FBI Special Agents. I have been assigned to this position since 2008.

2. The records maintained by the Inspection Division indicate that the Inspection Division canvassed Special Agent (SA) Bassem Youssef for 20 potential inspection assignments between February 23, 2005 and February 16, 2007. The Inspection Division records indicate that SA Youssef rejected or did not respond to all but one of the offered assignments.

3. SA Youssef participated in an Office of Professional Responsibility (OPR) investigation from August 30, 2006 through February 8, 2007. For his participation in the OPR investigation, SA Youssef earned one inspection credit.

4. On February 9, 2007, SA Youssef became inspection certified.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 12, 2008

*[signature]*

PATRICK J. MALEY
Chief Inspector
Inspection Division
Federal Bureau of Investigation
Washington, D.C.