**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BASSEM YOUSSEF,                                 )
                                                )
        Plaintiff,                              )
                                                )
        v.                                      )        Case No. 1:03CV01551 (CKK)
                                                )
ERIC HOLDER, JR.,                               )
  ATTORNEY GENERAL,                             )
  U.S. DEPARTMENT OF JUSTICE, et al.,  )
                                                )
        Defendants.                             )
_____)

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PRETRIAL STATEMENT**

Defendants hereby object to plaintiff's pretrial statement as follows:

**2.      Neutral Statement of the Case**

The parties have agreed to a joint neutral statement.  Defendants object to plaintiff's attempt to include his proposed statement which, by definition, is not neutral.

**6A.     Witnesses to be Called by Plaintiff**

On March 30, 2008, this Court granted the FBI's motion for summary judgment on all but one of plaintiff's claims of discrimination and reprisal.  Youssef v. FBI, 541 F. Supp. 2d 121 (D.D.C. 2008).  The Court significantly narrowed the issues for trial in both time and scope.  The sole remaining claim is whether Deputy Assistant Director (DAD) John Lewis's denial of plaintiff's requests to take time away from the office to attend inspections in early 2005 was due to plaintiff's engaging in protected activity.  As a result of this decision, all claims prior to plaintiff's 2005 reprisal claim were dismissed, including all of plaintiff's claims for nonselections to SES and other positions prior to early 2005.  *Id.* at 141- 65.  The remaining reprisal issue involves plaintiff's managers in 2004 and 2005 and focuses on whether the denial

of his requests to attend his sixth inspection in 2005 was retaliatory.

Despite the narrow time scope of this issue, plaintiff seeks the testimony of numerous witnesses, many who were not even employed by the FBI in 2004 and 2005, to discuss his performance, skills, qualifications, and background.  Since plaintiff's pre-2005 nonselection claims have been dismissed, testimony concerning his background, performance and skills is irrelevant to the sole remaining issue.  All such testimony should be excluded under Federal Rule 402.  *See* Def.'s Motion in Limine Parts 1, 2, and 3; Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").  Similarly, plaintiff seeks to introduce testimony concerning the substance of plaintiff's dismissed claims of discrimination and retaliation.  Such testimony is not probative of the one remaining reprisal claim, but is rather an attempt by plaintiff to resurrect before the jury claims already dismissed by this Court.  Moreover, such testimony spans several years and involves issues completely irrelevant to the pending matter.  *See* Defs.' Motions in Limine Parts 1, 2 and 3.  Defendants would be significantly and unfairly prejudiced if plaintiff were permitted to elicit testimony not relevant or probative of the remaining issue under the guise of presenting information relating to his background qualifications.

**A**.     **The FBI objects to the following witnesses due to their lack of relevant knowledge of the pending issue:**[1]

1.     ***Ed Curran***: Defendants object to Curran's testimony for the reasons set forth in Def.'s Mot. In Lim. Parts 1, 2, and 3.  Curran resigned from the FBI in December 2000, years before the alleged retaliatory incident, and cannot testify about the

---

[1]  A Chart of defendants' objections to plaintiff's witnesses is attached as Exhibit 1.  The chart notes the basis of the objections for each witness, the applicable Fed. R. Evid., and a cross-reference to defendants' Motions *in Limine*.

FBI policies or procedures after he resigned from the FBI in 2000. Further, Curran has no personal knowledge of the circumstances material to this case and has not supervised or otherwise had an employment relationship with plaintiff since 1994. In addition, plaintiff proffers Curran's testimony relating to his opinion that plaintiff is qualified to be promoted "to the highest levels within the FBI" even though plaintiff's nonselection and discrimination claims have been dismissed.

2.  **Louis Freeh**: Defendants object to Freeh's testimony for the reasons set forth in Def.s' Mot. In Lim. Parts 1, 2, and 3.  Freeh resigned as the Director of the FBI in May 2001, years before the alleged retaliatory incident, and cannot testify about the FBI policies or procedures after he resigned from the FBI in 2001.  Further, Freeh has no personal knowledge of the circumstances material to this case and has not supervised or otherwise had an employment relationship with plaintiff since the period between 1996 and 2000.

3.  **Paul Vick**: Defendants object to Vick's testimony for the reasons set forth in Defs.' Mot. In Lim. Parts 1, 2, and 3.  Vick retired from the FBI in 2004 and  has no personal knowledge concerning the events at issue in this trial, including the reasons DAD Lewis denied his requests to attend inspections in 2005.  Further, plaintiff has proffered Vick's testimony in connection with plaintiff's dismissed discrimination claim.  In addition, inasmuch as defendants do not dispute that inspection certification affects an FBI employee's career path, his general testimony about the inspection certification process from the  perspective of a former GS-14 Special Agent is not probative of the issues at trial.

4.      ***Michael Fedarcyk***: Defendants object to Fedarcyk's testimony for the reasons set

forth in Defs.' Mot. In Lim. Parts 1, 2, and 3.  Fedarcyk preceded Laurie Bennett

as Section Chief of the Communications Exploitation Section (he left that position

on April 11, 2004) and thus has no relevant or personal knowledge of the

circumstances relating to the 2005 denial of plaintiff's requests to attend

inspections.  Plaintiff has listed Fedarcyk to testify concerning plaintiff's

performance in the Document Exploitation Unit prior to April 11, 2004, but this

issue is not relevant to the question of why Lewis denied plaintiff's requests to

attend inspections in early 2005 because plaintiff was newly assigned as Unit

Chief of the Communications Analysis Unit.  Moreover, plaintiff's claims

concerning Fedarcyk were dismissed by this Court, 541 F. Supp. 2d at 156 n.32,

and plaintiff should not be permitted to back-door these claims back into the case

through Fedarcyk's testimony.

5.      ***Robert Mueller***: Defendants object to plaintiff's attempt to call the Director of the

FBI, Robert Mueller, and addresses this issue in Part 7 of the Motion in Limine.

6.      ***William Chornyak***: Defendants object to Chornyak's testimony for the reasons set

forth in Defs.' Mot. In Lim. Parts 1, 2, and 3.  Chornyak retired from the FBI in

September 2002, years before the alleged retaliatory incident, and cannot testify

about the FBI policies or procedures after he resigned from the FBI in 2002.

Further, Chornyak has no personal knowledge of the circumstances material to

this case and has not had an employment relationship with plaintiff since 2002.

Additionally, the Court dismissed plaintiff's claims of discrimination concerning

Chornyak. 541 F. Supp. 2d at 131-32, 164-65.  Finally, defendants object to Chornyak's testimony as a means of introducing exhibits used at his deposition, which have already been held to constitute inadmissible hearsay.  *Id.*

7.  ***Ellen Knowlton***: Defendants object to Knowlton's testimony for the reasons set forth in Defs.' Mot. In Lim. Parts 1, 2, and 3.  Knowlton was appointed the Special Agent in Charge of the FBI's Las Vegas field office on March 28, 2002 and never worked at FBI Headquarters from that time until she retired from the FBI in February 2006.  Knowlton's only interaction with plaintiff was in 2002, years before the alleged retaliatory incident, and thus she has no personal or relevant knowledge about the issue being tried.   Plaintiff's deposition designations for Knowlton concern plaintiff's background prior to 2002 and consideration of transferring plaintiff to the Budget Unit, issues that are not relevant, are prejudicial, and have been dismissed.  541 F. Supp. 2d at 164-65.

8.  Defendants object to plaintiff's blanket reservation of calling "any witness necessary to introduce a document into evidence."  Such a reservation is improper and prejudicial to the FBI.  If plaintiff needs a witness for introduction of any of the exhibits on his exhibit list, he must have identified such witnesses in the pretrial statement.

**B.      Defendants Object to Any and All Witness Testimony Concerning the Alleged "Reasonableness" of Plaintiff's Protected Activities**

Defendants object to any testimony regarding plaintiff's dismissed discrimination and retaliation claims for the reasons set forth in Defs.' Mot. In Lim. Part 1.  In the witness descriptions in his pretrial statement, plaintiff repeatedly indicates that witnesses will be testifying concerning the "reasonableness" of his EEO complaint, protected activity, "filing a Title VII complaint," and contact with Director Mueller and a member of Congress.  Joint Pretr. Stmt (Dkt #171) at 15-24.  Defendants do not dispute that plaintiff engaged in protected activity prior to the denial of his requests to attend inspections in 2005.  Thus, whether his complaints of discrimination are well-founded is irrelevant to his reprisal claim.  *See* Defs.' *In Limine* Memo Part 1.

The FBI objects to Plaintiff's attempt to call a parade of witnesses before the jury to testify that either his filing a complaint, engaging in protected activity, or contacting the FBI Director was "reasonable."  Defendants object to the testimony of the following witnesses on this ground:  Curran, Freeh, Vick, Byman, Chornyak, and Knowlton.  The deposition designations that plaintiff has listed for Chornyak and Knowlton do not discuss the "reasonableness" of his complaints.  Additionally, the other witnesses have no personal knowledge of the alleged discriminatory claims for which plaintiff engaged in protected activity.  Further, no witnesses should be allowed to provide their opinion on whether it was reasonable for plaintiff to file a complaint or contact the Director or a Congressman.  That issue simply is not relevant to the question of whether Lewis had a retaliatory motive when he denied plaintiff's requests to attend inspections in early 2005.

**C.**      **Defendants Object to Any and All Witness Testimony Concerning Plaintiff's Qualifications for Promotion to an SES Position**

As defendants have noted, the sole issue confronting the jury at trial is whether the FBI retaliated against plaintiff when the FBI denied plaintiff's requests to participate in inspections in January and February 2005.  In granting summary judgment to defendants on plaintiff's discrimination claim in the March 30, 2008 Memorandum Opinion, the Court found that the FBI had not discriminated against plaintiff by denying him career opportunities, including but not limited to promotion to Senior Executive Service (SES) position within the Counterterrorism Division (CTD) after the terrorist attacks on September 11, 2001.

Notwithstanding the Court's dismissal of plaintiff's promotion-related claims, plaintiff has identified several witnesses who will testify to his qualifications for promotion to an SES position or to his performance as an employee.  Consequently, pursuant to Fed. R. Evid. 401, 402, 403, 701, 801, and 802, defendants object to testimony or other evidence relating to plaintiff's qualifications for promotion both in general as well as with respect to particular positions.  The grounds in support of this motion are that such testimony or other evidence is not probative and/or highly prejudicial to defendants, will serve only to confuse the jury as to the material issues involved in this case, or will not assist the trier of fact to determine a fact in issue.  Even if evidence on promotions or plaintiff's qualifications were relevant, such testimony would relate solely to the issues of front pay, back-pay, instatement, or other injunctive relief, matters to be determined by the Court only after the jury rules in plaintiff's favor.  Defs.' *In Limine* Memo Parts 2, 8.  The witnesses to whom defendant objects on these grounds are Curran, Freeh, Fedarcyk, Mueller, Byman, Wall, McCarthy and Sharf.

7.      **Plaintiff's Exhibits**

Defendants object to certain of plaintiff's exhibits because they relate solely either to plaintiff's background, performance and qualifications or to the claims dismissed by the Court in the March 30, 2008 Memorandum Opinion.  Defendants also object to those exhibits that relate only to a timeframe and events that occurred too remote in time before the actions underlying plaintiff's retaliation claim, which arose in January 2005.  The exhibits listed below and in the attached Chart (Exhibit 2) cannot shed any light on the issue of whether Deputy Assistant Director John Lewis harbored a retaliatory animus when he denied plaintiff's requests to leave for another inspection in January and February 2005.  Further, the proffered exhibits do not pertain to the issue of what consequences to his reputation or professional standing plaintiff may have suffered as a result of the denial of his requests.  In addition, admission of exhibits concerning plaintiff's employment history with the FBI and his past performance as well as his discrimination claims will serve merely to confuse the jury and will unfairly prejudice defendants because the jury would be misled into believing it has been called upon to decide whether plaintiff's past employment history and underlying discrimination claim played a role in the decisions subject to plaintiff's retaliation claim.

The following exhibits should be excluded because they relate to plaintiff's qualifications for promotion, his employment history with the FBI, or his performance and are not probative of the retaliation issue to be presented to the jury: Exhibits 100, 101, 102, 103, 104, 111, 115, 116, 117, and 118.

The following exhibits should be excluded because they relate to an irrelevant timeframe or to circumstances that are not relevant to the sole remaining retaliation claim: Exhibits 101,

102, 103, 104, 106, 107, 123-136, and 138.

The following exhibits should be excluded because they relate solely to plaintiff's dismissed discrimination claim and are not at all probative of the retaliation claim: Exhibits 105, 111, 121, 122, and 138.

With respect to Exhibit 105, defendants note that they have stipulated that plaintiff's statements at the June 2002 meeting between plaintiff and Director Mueller, which was arranged by the office of Congressman Frank Wolf, constituted protected activity.  Only the fact that this meeting occurred and the reaction of Lewis to plaintiff's telling him about this meeting two years later are probative on the issue of whether Lewis retaliated against plaintiff in denying his requests to participate in inspections in January and February 2005.  In other words, what Lewis thought about the meeting and whether it affected his opinion of plaintiff such that he harbored a retaliatory motive is relevant to the retaliation claim to be decided at trial.  The actual discussions between plaintiff and the Director, or the circumstances surrounding the set-up of the meeting, are not at all probative to the factual issues.

Exhibit 111 is a chart that the FBI created to rebut plaintiff's discrimination-related claim that applying for an SES position would have been futile.  Because the facts contained in the document relate to SES promotions within the Counterterrorism Division and plaintiff's dismissed claim of discrimination, this exhibit is not probative of the retaliation issue to be tried in this case.

Exhibit 115 is the curriculum vitae for James C. Sharf, PhD, Exhibit 116 is Sharf's Report, Exhibit 117 is Sharf's Supplemental Report, and Exhibit 118 is the Report of Daniel Byman, PhD.  Defendants object to these documents because they do not concern the narrow

retaliation issue remaining in the case.  *See* Defs.' *In Limine* Memo Part 2.  The documents also

lack the proper foundation for rendering an expert opinion.  Further, to the extent these

documents may be relevant, they relate solely to the equitable relief part of the case and should

not be admitted at the jury trial.  *Id.* Part 8.

Further, in addition to relating solely to plaintiff's dismissed discrimination claim,

Exhibits 121 and 122 constitute inadmissible hearsay.  These Exhibits are documents about

which plaintiff questioned Chornyak during his deposition and include the transcription of a

telephonic interview of Chornyak by an EEO investigator conducted after Chornyak retired from

the FBI.  Not only did the interview relate to issues the Court dismissed, the Court has already

ruled the interview notes constitute hearsay.  541 F. Supp. 2d at 131, 165.

Defendants also object to plaintiff's exhibits 122-136, which consist of Tapes and

Transcripts of Career Board meetings from 2000-2004.  During discovery, defendants produced

to plaintiff a series of tapes relating to entry level promotions to the SES in the

Counterintelligence and Counterterrorism Divisions of the FBI in response to requests for

production relating to plaintiff's discrimination claim.  The tapes were not transcribed.  Plaintiff

has not laid any foundation for establishing the authenticity of the transcripts he seeks to

introduce in a manner consistent with Fed. R. Evid. 901.  Nor has plaintiff established the

relevance of these particular transcripts to the retaliation claim at issue.  The positions to which

the transcripts relate are not identified, the positions were discussed by the SES Career Board

during the period from 2000-2004, well before the time frame at issue in the retaliation claim,

and there is no explanation from plaintiff as to how these exhibits are probative of the retaliation

issue to be tried as distinct from the nonselection discrimination claim dismissed by the Court.

The tapes and transcript should be excluded under Fed. R. Evid 401, 402 and 403.  Admission of these exhibits will serve merely to confuse the jury and will unfairly prejudice defendants because the jury would be misled into believing it has been called upon to decide whether plaintiff should have been promoted to one of the positions discussed by the Career Board. Finally, the transcripts constitute inadmissible hearsay under Rules 801 and 802.  These exhibits therefore should be excluded.

8.      **Demonstrative Exhibits**

Defendants object to the extent that plaintiff will introduce at trial demonstrative exhibits that have not yet been identified.  Defendants note that, if plaintiff enlarges already identified exhibits or testimony, defendants should be provided with a list of such enlargements in advance of trial.  Defendants object to the book authored by Freeh pursuant to Rules 401 and 402.  The contents of the book presumably pertain to Freeh's tenure at the FBI, which cannot be probative of the retaliation issue to be tried inasmuch as Freeh retired from the FBI fours years prior to the circumstances giving rise to plaintiff's claim.  Defendants also object to the introduction of Career Board tapes and deposition tapes as inadmissible hearsay and on grounds of relevance for the reasons set forth *supra*.

9.      **Deposition Designations**

Defendants' cross-designations and objections to plaintiff's deposition designations are set forth in Exhibit 3 attached hereto.

14.     **Jury Voir Dire**

The parties agreed to seventeen joint proposed voir dire questions, Joint Pretrial Statement at 40-43.  Plaintiff, however, has proposed an additional twenty-five questions.

Defendants object to these questions on several grounds.  First and foremost, there obviously needs to be a reasonable limit on the number of questions.  Defendants submit that the seventeen agreed-upon questions cover the most important issues in a fair and reasonable manner and that many of plaintiff's proposed additional questions cover the same topics.

Second, defendants object to plaintiff's proposed questions 12-15, all of which ask about the treatment of Arab-Americans particularly in the context of the war on terrorism.  These questions are objectionable because they signal that plaintiff has been a victim of national origin or perhaps religious discrimination, when all such claims have been dismissed.  These questions are also somewhat misleading since plaintiff is a Christian Arab-American, not Muslim. See United States v. Littlejohn, 489 F.3d 1335, 1346 (D.C. Cir. 2007); U.S. v. Coleman, 552 F.3d 853, 860 (D.C. Cir. 2009).  Third, defendants object to questions 21-24, which relate to the amount of damages that should be awarded by the jury.  Since the jury will be awarding compensatory damages only, and not back pay, the questions proposed by plaintiff --which hint that expansive relief should be awarded-- are prejudicial as they risk jury confusion about the scope of compensatory damages under Title VII.

**15.    Jury Instructions**

Defendants object to plaintiff's Non-Standard Jury Instructions for the reasons set forth below:

### 3.  **Retaliation - Elemental Instructions**

Defendants object to this instruction because it improperly and excessively includes facts at issue in this case.  The jury is to find facts based on their recollection of the facts as presented through testimony and other evidence at trial, *see* Standardized Civil Jury Instructions for the

District of Columbia (2009 ed.) § 2.06, not based on facts improperly placed in jury instructions. Plaintiff also inaccurately characterizes the allegedly adverse employment action as "denial of [his] inspection certification."  The act is more precisely defined as the denial of plaintiff's two requests for permission to participate in an FBI inspection to become inspection certified. Finally, plaintiff's instruction on the concept of "legitimate, non-retaliatory reasons" is more appropriately located in the "Causal Connection" instruction.  The Court should adopt defendants' proposed jury instruction 1.

### 4. **Protected Activity**

Defendants object to this instruction because it is unnecessary.  There is no dispute –and thus no jury issue– in this case over Plaintiff's engagement in protected activities.

### 5. **Adverse Employment Action**

Defendants object to this instruction because it incorrectly states that an adverse employment action is established if the jury finds that "any or all" of defendants' actions towards plaintiff would dissuade a reasonable person from making or supporting a charge of discrimination.  This is incorrect because only the denial of two requests to participate in inspections are at issue.  Plaintiff's statement that "(the FBI's conduct as a whole) might well have dissuaded a reasonable employee from making or supporting a charge of discrimination" is also improper because this is a conclusion on a disputed issue of fact in this case.  Finally, plaintiff's instruction fails to include an essential element: that an act can constitute an adverse employment action only if it results in some actual injury or harm.  *See* Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  The Court should adopt defendants' proposed jury instruction 2.

6. **Causation**

Defendants object to this instruction because it is incomplete and inaccurate.  First, plaintiff's instruction on temporal proximity is inapt here, because "for temporal proximity to be sufficient evidence of causality, the protected act and the suspected retaliation must be 'very close' in time, not several months apart."  Beckford v. Geithner, 2009 U.S. Dist. LEXIS 96038 at *34.  Second, the instruction is incomplete because it fails to specify that to find a causal connection, the jury must find that the protected activity was the "but for" cause of the adverse employment action. *See* Jury Instructions at 28; Rattigan v. Holder, No. 04-2009 (D.D.C. 2009) (dkt. #111).  Finally, the instruction fails to instruct the jury that it should not consider the merits of plaintiff's underlying discrimination claims, *see id.* at 27, and that it cannot find a causal connection if it believes that defendants took the employment action for legitimate, non-retaliatory reasons.  The Court should adopt defendants' proposed jury instruction 3.

7. **Motivating Factor**

Defendants objecs to this instruction because it misstates the law of retaliation.  Mixed-motive theory cannot be used to prove claims of retaliation.  *See* Porter v. Natsios, 414 F.3d 13, 19 (D.C. Cir. 2005); Beckford v. Geithner, 2009 U.S. Dist. LEXIS 96038 at *19 n.3.

8. **Direct and Circumstantial Evidence**

Defendants object to this instruction because it is redundant with Standard Instruction §2.10 and is therefore unnecessary.

9. **Inferences Defined**

 Defendants object to this instruction because it is redundant with Standard Instruction §2.03 and is therefore unnecessary.

11.  **Use of Depositions as Evidence**

Defendants object to this instruction because it is redundant with Standard Instruction §3.05 and is therefore unnecessary.

12.  **Damages - Generally**

Defendants object to this instruction because it states that damages can be awarded if a materially adverse action has been found.  This is incorrect.  A causal connection must also be found before liability has been established, and only then can damages be awarded.  The Court should adopt defendants' proposed jury instruction 5.

13.  **Damages - Specific**

Defendants object to this instruction because it is unnecessary and cumulative.  Only a single damages instruction is required.  Repeated separate instructions on damages are prejudicial to defendant because they improperly influence the jury to amplify a damages award.  For the same reason, defendants also object to the statement that separate amounts should be entered by the jury for separate types of damages.  Further, defendants object to this instruction because it incorrectly states that the jury is to award damages based on lost wages and benefits.  Awards of back-pay, including lost benefits, are to be determined by the judge, not by the jury.  The Court should adopt defendants' proposed jury instruction 5.

13.  **Damages - Emotional Distress**

Defendant objects to this instruction because it is unnecessary and cumulative.  Only a single damages instruction is required.  Repeated separate instructions on damages are prejudicial to defendant because they improperly influence the jury to amplifying a damages award.

Defendants also object to this instruction because it incorrectly states that the  jury is to award

damages based on lost wages and benefits.  Awards of back-pay, including lost benefits, are to be determined by the judge, not by the jury.  The Court should adopt defendants' proposed jury instruction 5.

14. **Damages - Loss of Reputation, Shame, and Injury to Feelings**

Defendants object to this instruction because it is unnecessary and cumulative.  The substance of this instruction can be combined with the instructions above into a single damages instruction.  Repeated separate instructions on damages are prejudicial to defendant because they improperly influence the jury to amplifying a damages award.  The Court should adopt defendants' proposed jury instruction 5.

**16.    Proposed Jury Verdict Form**

Defendants object to plaintiffs proposed Jury Verdict Form.  As drafted by plaintiff, the first question is objectionable because it does not require the jury to find that the denial of plaintiff's requests to participate in another inspection in January and February 2005 constituted an adverse employment action.  Plaintiff must establish such an adverse action in order to prevail at trial. Burlington Northern, 548 U.S. at 68.  Further, plaintiff's first question omits a finding by the jury of a "but for" causal connection between plaintiff's protected activity and the alleged retaliatory act. *See* Rattigan v. Holder, No. 04-2009 (D.D.C. 2009) (dkt. #111).   Defendants would be prejudiced if the jury were to answer the simple question as posed by plaintiff without complying with the requirement that the jury make these two findings before it may enter a verdict in plaintiff's favor.  Defendants also object to plaintiff's third question because the term "economic damages" is vague and the jury could be mislead into believing that certain compensation, such as back-pay, should be included in their calculation.  Defendants further

-16-

objects to the third and fourth questions because they do not clearly establish that any award of

compensatory damages must be limited to harm emanating from the retaliation plaintiff may

have suffered and, as such, are designed to lead the jury to assume that plaintiff may be

compensated for actions and events unrelated to the alleged retaliation.  Finally, defendants

objects to all of the questions contained in plaintiff's proposed Jury Verdict Form because the

nature of the precise retaliation at issue is not defined and, thus, the jury could be mislead into

thinking that certain actions or events comprise the claim when, in fact, they do not.  The Court

should adopt defendants' proposed verdict form.

**17.    Proposed Amendments to Pleadings**

Defendants object to the filing of a supplemental complaint at this late stage in the

litigation.  Under the Court's holdings, the events and circumstances relevant to the narrow issue

of whether plaintiff was retaliated against when his request to attend inspections in early 2005

were denied involve factual issues to be decided by the jury at trial.  Defendants object to

plaintiff's attempt to add new claims relating to the "five promotions" for which plaintiff has

applied since 2007 inasmuch as the parties have not developed a record relating to these selection

decisions and plaintiff has not exhausted his administrative remedies in connection with such a

claim.

**19.    Miscellaneous Matters**

Plaintiff states that he "may seek to obtain access to sworn testimony concerning Mr.

Youssef given by various witnesses in this case to the Department of Justice and the FBI."  Jt.

Pretr. Stmt at 48.  The precise meaning of this statement is unclear, but to the extent plaintiff

intends to seek additional testimony or evidence from any individual not already identified as a

witness, defendants object to such fishing expedition, long after discovery has ended.  In

addition, defendant objects to producing statements from FBI or Department of Justice officials

in other matters, including Office of Inspector General Investigations, that are wholly unrelated

to the facts and circumstances of the retaliation claim.  If in fact plaintiff seeks to introduce such

"sworn testimony" at trial, defendants reserve the right to pose appropriate objections after

having had an opportunity to review such testimony.

Dated: December 4, 2009                               Respectfully submitted,

                                                      TONY WEST
                                                      Assistant Attorney General

                                                      JEFFREY A. TAYLOR
                                                      United States Attorney

                                                      STUART A. LICHT
                                                      Assistant Branch Director
                                                      Civil Division, Federal Program Branch

                                                      /s/   *Carlotta P. Wells*
                                                      CARLOTTA P. WELLS
                                                      DANIEL BENSING
                                                      VIKAS DESEI
                                                      U.S. Department of Justice
                                                      Civil Division, Federal Programs Branch
                                                      P.O. Box 883
                                                      Washington, D.C. 20044
                                                      (202) 305-0693 (telephone)

                                                      Counsel for Defendants

# EXHIBIT
# 1

**Case No. 1:03CV01551 (CKK)**
**Youssef v. FBI: Defendants' Objections to Plaintiff's Witnesses**

| Plaintiffs' Witness | Defendants' Objection | Evidence Rule Objections | Corresponding no(s). of Def.'s In Limine Motions |
|---|---|---|---|
| | | | |
| Ed Curran | Relevance (TF, IC, Q, P); Bifurcation | 401, 402, 403 | 2, 3, 8 |
| Louis Freeh | Relevance (TF, IC, Q, P); Bifurcation | 401, 402, 403 | 2, 3, 8 |
| Paul Vick | Relevance (TF, IC); Hearsay | 401, 402, 403, 801, 802 | 2, 3 |
| Michael Fedarcyk | Relevance (TF, IC, D) | 401, 402, 403, 404 | 1, 2, 3 |
| Robert Mueller | Relevance (TF, IC); High level official | 401, 402, 403 | 6, 7 |
| Dr. James Sharf | Relevance (Q, P); Expert Designation; Bifucation | 401, 402, 403, 702 | 2, 5, 8 |
| Daniel Byman | Relevance (D, TF, IC, Q, P); Expert Designation; Bifurcation | 401, 402, 403, 404, 702 | 2, 5, 8 |
| William Chornyak (deposition) | Relevance (D, TF, IC); Hearsay | 401, 402, 403, 404, 801, 802 | 1, 2, 3 |
| Ellen Knowlton (deposition) | Relevance (D, TF, IC) | 401, 402, 403, 404 | 1, 2, 3 |
| Tony Wall | Relevance (P, Me-too) | 401, 402, 403, 404(b) | 2, 4 |
| Amy McCarthy, PhD. | Bifurcation | 401, 402, 403 | 8 |

Relevancy: Q: Qualifications; P: Promotions; TF: Time Frame; D: Discimination; IC: Irrevelant Circumstances
Other: HS: Hearsay; Bifurcation; Expert Designation; High level official

# EXHIBIT 2

**Case No. 1:03CV01551 (CKK)**
**Youssef v. FBI: Defendants' Objections to Plaintiff's Exhibits**

| Plaintiff's Exhibit Number | Description | Defendants' Objection | Evidence Rule Objections | Corresponding no(s). of Defs.' In Limine Motions |
|---|---|---|---|---|
| 100 | Performance Appraisals Reports for Bassem Youssef dated: 3/389; 4/2/90; 4/10/91; 4/17/92; 3/31/93; 3/31/94; 3/31/95; 5/3/96; 2/24/97; 4/14/99; 5/30/2000; 6/4/2001; 10/31/02; 11/6/03; 10/22/04; 12/28/06; 2007 PAR; 2008 PAR | Relevancy (Q, P, TF, IC) | 401, 402, 403 | 2, 3 |
| 101 | Intelligence Community Award (Recommendation and Commendation): Recommendation for Intelligence Community Award Application 10/14/94; Recommendation for Intelligence Community Award 3/11/94 | Relevancy (Q, P, TF, IC) | 401, 402, 403 | 2, 3 |
| 102 | Legat Riyadh 1999 Inspection Report; DOJ007630 | Relevancy (Q, TF, IC) | 401, 402, 403 | 2, 3 |
| 103 | Bassem Youssef's Personnel Actions History | Relevancy (Q, TF, IC) | 401, 402, 403 | 2, 3 |
| 104 | Position Description of Detail Assignment for Chief Executive Secretariat Office, National Counterintelligence Center, Langley, Virginia | Relevancy (Q, TF, IC) | 401, 402, 403 | 2, 3 |
| 105 | Letter from Bassem Youssef to Congressman Frank Wolf | Relevancy (D, IC); HS | 401, 402, 403, 404, 801, 802 | 1 |
| 106 | Assistant Inspector-in-Place Evaluations: FBI Lab-10/30/00; Washington Field Office (WFO)-5/6/02; Chicago-7/8/02; Cincinnati-11/1/04; OPR-2/8/07 | Relevancy (TF, IC) | 401, 402, 403, 404 | 3 |
| 107 | List of Foreign Language Speaking Agents, Including Level of Proficiency | Relevancy (D, Q, IC) | 401, 402, 403, 404 | 1, 2, 3 |
| 111 | Spreadsheet Listing Personnel Promoted into the Senior Executive Service within the Counterterrorism Division | Relevancy (Q, P, D, IC) | 401, 402, 403, 404 | 1, 2, 3 |

Relevancy: Q: Qualifications; P: Promotions; TF: Time Frame; D: Discimination; IC: Irrelevant Circumstances
Other: HS: Hearsay; LF: Lack of Foundation; Bifurcation

## Case No. 1:03CV01551 (CKK)
## Youssef v. FBI: Defendants' Objections to Plaintiff's Exhibits

| | | | | |
|---|---|---|---|---|
| 115 | CV for James C. Sharf of Sharf & Associates, Employment Risk Advisors Inc. | Relevancy (Q, P); Bifurcation | 401, 402, 403 | 2, 5, 8 |
| 116 | Report of James C. Sharf of Sharf & Associates, Employment Risk Advisors Inc. | Relevancy (Q, P); HS; Bifurcation | 401, 402, 403, 702, 801, 802 | 2, 5, 8 |
| 117 | Supplemental Report of James C. Sharf, PhD. | Relevancy (Q, P); HS; Bifurcation | 401, 402, 403, 702, 801, 802 | 2, 5, 8 |
| 118 | Expert Rule 26 Report of Daniel Byman, PhD. | Relevancy (Q, P); HS; Bifurcation | 401, 402, 403, 702, 801, 802 | 2, 5, 8 |
| 121 | Exhibit 2 from the Deposition of William Chornayak, April 22, 2002 Personal Interview Statement by FBI EEOP; DOJ 003346 | Relevancy (TF, IC, D); HS | 401, 402, 403, 404, 801, 802, 901 | 1, 2, 3 |
| 122 | Page 5, numbered paragraph 4 from Exhibit 3 used in the Deposition of William Chornayak | Relevancy (TF, IC, D); HS | 401, 402, 403, 404, 801, 802 | 1, 2, 3 |
| 123 | Tape and Transcript of Career Board Meeting #49; 2000 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 124 | Tape and Transcript of Career Board Meeting #28: 2002 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 125 | Tape and Transcript of Career Board Meeting #29: 2002 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 126 | Tape and Transcript of Career Board Meeting #46: 2002 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 127 | Tape and Transcript of Career Board Meeting #65: 2002 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 128 | Tape and Transcript of Career Board Meeting #101: 2002 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 129 | Tape and Transcript of Career Board Meeting #05: 2003 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 130 | Tape and Transcript of Career Board Meeting #34: 2003 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 131 | Tape and Transcript of Career Board Meeting #35: 2003 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 132 | Tape and Transcript of Career Board Meeting #45: 2003 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 133 | Tape and Transcript of Career Board Meeting #05: 2004 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 134 | Tape and Transcript of Career Board Meeting #25: 2004 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |

Relevancy: Q: Qualifications; P: Promotions; TF: Time Frame; D: Discimination; IC: Irrevelant Circumstances
Other: HS: Hearsay; LF: Lack of Foundation; Bifurcation

**Case No. 1:03CV01551 (CKK)**
**Youssef v. FBI: Defendants' Objections to Plaintiff's Exhibits**

| | | | | |
|---|---|---|---|---|
| 135 | Tape and Transcript of Career Board Meeting #28: 2004 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 136 | Tape and Transcript of Career Board Meeting #53: 2004 | Relevancy (IC, D); HS; LF | 401, 402, 403, 404, 801, 802 | 1, 3 |
| 137 | DOJ19273 MAOP Section 5-1.1 to 5-1.4; Section 5-2, Section 5-3, Section 5-4.1 to 5-4.7; Section 5-5 to 5-5.2; Section 5-6 | Relevancy (TF, IC) | 401, 402, 403 | 3 |
| 138 | Transcript of Remarks by Attorney General Ashcroft and FBI Director Mueller [Curran Exhibit 8] | Relevancy (D, IC) | 401, 402, 403, 404 | 1, 3 |

Relevancy: Q: Qualifications; P: Promotions; TF: Time Frame; D: Discimination; IC: Irrelevant Circumstances
Other: HS: Hearsay; LF: Lack of Foundation; Bifurcation

# EXHIBIT 3

**Case No. 1:03CV01551 (CKK)**

**Youssef v. FBI: Defendants'  Counter Designations and Objections to Plaintiff's Deposition Designations**

| Plaintiff's Designation | Defendants' Counter Designation | Defendants' Objection (s) |
|---|---|---|
| *John Lewis* | | |
| 4:10-11 | | |
| 4:14-15 | | |
| 4:21-22 | | |
| 5:1-6 | | |
| 7:14-20 | 7:14-9:5 | |
| 8:7-22 | | |
| 9:1-5 | | |
| 10:20-21 | 10:10-13:11, 22:3-25:11 | |
| 38:20-22 | | |
| 46:1-48:14 | | Lack of foundation, calls for speculation (46:11-20) |
| 49:13-50:15 | 50:16-19 | |
| 60:6-8 | 56:19-59:7; 60:1-14 | |
| 65:2-67:11 | 67:12-67:21 | |
| 74:17-74:19 | | |
| 74:22 | | |
| 75:2-9 | 75:10-76:8 | |
| 76:10-80:18 | | |
| 125:20-126:8 | | Relevance; speculation |
| 127:5-130:9 | 130:10-130:21 | |
| 131:6-22 | | |
| 132:1-5 | 132:6-11 | |
| 142:3-146:21 | | |
| 147:6-149:8 | | |
| 149:21-153:20 | 153:21-154:8 | |
| 165:18-169:4 | | Relevance - testimony by Kohn (167:19-22; 168:1-9) |
| 180:8-183:5 | 183:6-184:14 | |
| | | |
| *Re-Direct of John Lewis* | | |
| 13:12-22 | | Relevance |
| 14:1-4 | | Relevance |
| 20:8-21:15 | | Relevance; lack of foundation; speculation |

Case No. 1:03CV01551 (CKK)

**Youssef v. FBI: Defendants' Counter Designations and Objections to Plaintiff's Deposition Designations**

| | | |
|---|---|---|
| 25:13-26:20 | | Relevance; speculation |
| 67:22 | | Relevance; lack of foundation; speculation |
| 68:1-69:15 | | Relevance; lack of foundation; speculation |
| 73:1-3.6-12 | | |
| 73:22-74.5 | | |
| 154:9-15 | 154:16-22; 155:1-22 | Relevance; speculation |
| 161:4-162:10 | | |
| 163:18-165:15 | | Relevance |
| 184:14-185:14 | | Relevance |
| 186:4-9 | | Relevance |
| ***John Pikus*** | | |
| 5:2-5 | | |
| 8:7-10 | | |
| 124:5-21 | 124:21-126:5 | Asked and answered (124:5-7) |
| 126:6-19 | 126:20-128:12 | Hearsay; speculation |
| ***Ellen Knowlton*** | | |
| 4:10-15 | | |
| 8:3-6 | | |
| 9:5-13, 19-22 | | |
| 10:1-12:1 | | Relevance & unduly prejudicial (10:21-12:1).  Budget Unit transfer dismissed from case. 541 F.Supp.2d at 164-65. |
| 13:3-7 | | |
| 14:3-16:17 | | |
| 19:10-20 | | Relevance & unduly prejudicial.  Budget Unit transfer dismissed from case.  541 F.Supp.2d at 164-65. |
| 20:6-13 | | Relevance & unduly prejudicial.  Budget Unit transfer dismissed from case.  541 F.Supp.2d at 164-65. |
| 21:11-18 | | Relevance & unduly prejudicial.  Budget Unit transfer dismissed from case.  541 F.Supp.2d at 164-65. |
| 30:18-22 | subject to ruling on objection 30:8-17 | Relevance & unduly prejudicial.  Because nonselections dismissed from case, career background irrelevant.  541 F.Supp.2d at 152-55. Foundation. |

Case No. 1:03CV01551 (CKK)

**Youssef v. FBI: Defendants' Counter Designations and Objections to Plaintiff's Deposition Designations**

| | | |
|---|---|---|
| 31:1-20 | | Relevance & unduly prejudicial. Because nonselections dismissed from case, career background irrelevant. 541 F.Supp.2d at 152-55. Foundation. Hearsay (31:12-20) |
| 32:12-22 | | Relevance & unduly prejudicial. Budget Unit transfer dismissed from case. 541 F.Supp.2d at 164-65. Hearsay. |
| 33:1-15 | subject to ruling on objection 33:16-22 | Relevance & unduly prejudicial. Budget Unit transfer dismissed from case 541 F.Supp.2d at 164-65. Hearsay. |
| 34:4-10 | subject to ruling on objection 34:11-22 | Relevance & unduly prejudicial. Budget Unit transfer dismissed from case 541 F.Supp.2d at 164-65. |
| 35:13-22 | subject to ruling on objection 35:1-2 | Relevance & unduly prejudicial. Budget Unit transfer dismissed from case 541 F.Supp.2d at 164-65. |
| 36:1-11 | subject to ruling on objection 38:15-22; 61:4-8; 70:12-21; 71:2-6 | Relevance & unduly prejudicial. Budget Unit transfer dismissed from case 541 F.Supp.2d at 164-65. |
| *William Chornyak* | | |
| 7:7-15 | | |
| 14:14-22 | | Relevance & hearsay (refers to an interview transcribed by an EEO investigator for EEO complaint); undue prejudice as matters within document dismissed by Court. 541 F.Supp.2d at 164-65. Document declared hearsay by Court. Id. at 131; 165. See defendants' Objections to Exhibits at 2. |
| 15:9-22 | | Relevance & hearsay (refers to an interview transcribed by an EEO investigator for EEO complaint); undue prejudice as matters within document dismissed by Court. 541 F.Supp.2d at 164-65. Document declared hearsay by Court. Id. at 131; 165. See defendants' Objections to Exhibits at 2. |
| 16:1-7, 14 | subject to ruling on objection 16:8-22 | Relevance & hearsay (refers to an interview transcribed by an EEO investigator for EEO complaint); undue prejudice as matters within document dismissed by Court. 541 F.Supp.2d at 164-65. Document declared hearsay by Court. Id. at 131; 165. See defendants' Objections to Exhibits at 2. |

Case No. 1:03CV01551 (CKK)

**Youssef v. FBI: Defendants'  Counter Designations and Objections to Plaintiff's Deposition Designations**

| | | |
|---|---|---|
| 18:7-22 | | Relevance, unfair prejudice.  Plaintiff's allegations of national origin discrimination dismissed from case.  541 F.Supp.2d 121. Hearsay & leading (Kohn reading the document into the record - 18:17-22). See defendants' Objections to Exhibits at 2. |
| 19:1-2, 5-22 | subject to ruling on objection 19:3-4 | Relevance, unfair prejudice.    Plaintiff's allegations of discrimination dismissed from case, including claims of nonselection.  541 F.Supp.2d 121, 152-55.  Lack of foundation, speculation. |
| 20:1-2, 4-7 | | Relevance, unfair prejudice.    Plaintiff's allegations of discrimination dismissed from case, including claims of nonselection.  541 F.Supp.2d 121, 152-55.  Lack of foundation, speculation. |
| 22:7-18 | subject to ruling on objection 22:15-22; 23:1-22; 24:1-7. | Relevance, unfair prejudice.    Plaintiff's allegations of discrimination dismissed from case.  541 F.Supp.2d 121. |