UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, *et al.*,<br><br>　　Defendants. | Civil Action No. 03-1551 (CKK) |

**ORDER**
(February 19, 2010)

Presently pending before the Court is Plaintiff Bassem Youssef's [174] Motion for Supplementation of Initial Disclosures and Discovery Responses. Defendants have filed an opposition brief in response, to which Plaintiff has filed a reply. Plaintiff's motion pertains to evidence that was gathered during a joint investigation by the Department of Justice's Office of Inspector General (OIG) and the Federal Bureau of Investigation (FBI) into the FBI's use of "exigent letters" to obtain telephone records. Plaintiff concedes that the joint OIG-FBI review is not material to this case. *See* Pl.'s Mot. at 2. However, Plaintiff contends that several individuals interviewed during the investigation made statements that relate to issues that will be contested at trial. Therefore, Plaintiff seeks deposition transcripts from witnesses who testified about Plaintiff or his work performance and also seeks a supplementation of Defendants' initial disclosures and discovery responses pertaining to new evidence uncovered during the OIG investigation. For the reasons explained below, the Court shall DENY Plaintiff's motion for supplementation of discovery.

  *A.*  *Supplementation of Discovery under Rule 26(e)*

Plaintiff seeks supplementation of discovery pursuant to Federal Rule of Civil Procedure 26. Under Rule 26(e), a party who has made an initial disclosure or who has responded to an interrogatory, request for production, or request for admission

> must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court.

Fed. R. Civ. P. 26(e). Before it was amended in 2007, Rule 26(e) stated the duty to supplement or correct a disclosure or discovery response "to include information thereafter acquired." *See id.* advisory committee note (2007 amendment). This language was removed, however, because "parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response." *Id.* Thus, Defendants are not required by Rule 26(e) to disclose new evidence obtained after the close of discovery unless such evidence indicates that its previous disclosures or responses are incomplete or incorrect in some material respect. Plaintiff apparently acknowledges this because he relies entirely on the second prong of Rule 26(e), which provides for supplementation "as ordered by the court." *See* Pl.'s Reply at 9.

Defendants assert that they have reviewed the materials compiled during the OIG investigation to determine whether they affect any of the disclosures or responses that were previously made during discovery. Specifically, Defendants' counsel states that "[a]fter reviewing defendants' initial disclosures and responses to pertinent discovery requests, neither the nature nor the content of the disclosures and responses would have changed if the OIG

witness statements had been available at the time such disclosures or responses were made." *See* Defs.' Resp. Br. at 6.  Defendants aver that any additional statements that would be produced under Plaintiff's request for supplementation would be "cumulative and would not add any new information to that which defendants already have produced during discovery and through other pretrial submissions." *See id.*  The Court relies on this representation from Defendants' counsel as officers of the Court that Defendants have complied with their duty to supplement under Rule 26(e).  If Defendants have any doubt that the new evidence in some way conflicts with prior disclosures, Rule 26(e) requires them to disclose that information to Plaintiff.

      B.     *Evidence Created by the OIG-FBI Investigation*

OIG completed its investigation and released an unclassified version of its report to the public in January 2010.  *See* U.S. Dep't of Justice Office of the Inspector General, *A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records* (2010), *available at* http://www.justice.gov/oig/special/s1001r.pdf (hereinafter, "OIG Report").  Plaintiff suggests in his Reply brief that the OIG's investigation actually began as an FBI performance review targeted specifically at Plaintiff.  *See* Pl.'s Reply at 1-5.  However, OIG indicates that it conducted the investigation "to examine in greater detail the extent of the FBI's use of exigent letters and other informal requests" for telephone records, following two previous reports in which it had examined the FBI's use of exigent letters.  *See* OIG Report at 1.  Those reports were critical of the FBI's practices, and the OIG's third investigation necessarily examined the performance of those employees and supervisors who were responsible for them, including Plaintiff.  *See id.* at 1-4.  The purpose of the OIG's investigation was not, as Plaintiff suggests, to determine if his performance warranted

disciplinary action. In fact, OIG explicitly indicates that the FBI Inspection Division was excluded from participation in the review of Plaintiff or his conduct. *See id.* at 4 n.6.

Because OIG investigators interviewed many individuals who might serve as witnesses at trial, Plaintiff wants to know whether any of these individuals might have made complimentary statements about him during the investigation without his knowledge. *See* Pl.'s Mot. at 3. However, Plaintiff does not claim that Defendants failed to disclose any of these individuals as persons likely to have discoverable information during their initial disclosures, and Defendants aver that nothing in their initial disclosures would have changed if the OIG witness statements had been available at the time those disclosures were made. Indeed, the identity of these individuals is not actually in question, since they are people with whom Plaintiff worked at the FBI. Defendants indicate that there are ten individuals listed as trial witnesses who gave statements during the investigation. *See* Defs.' Resp. Br. at 3. Plaintiff certainly had the opportunity during discovery to depose these witnesses, and he could have elicited the same allegedly complimentary statements from them that OIG did during its investigation.

Plaintiff also claims that he will be unfairly prejudiced if Defendants are not ordered to supplement their disclosures. However, Defendants state that they will not use any evidence obtained during the OIG's investigation at trial, and the Court shall enforce this limitation because it has not been disclosed to Plaintiff. *See* Defs.' Resp. Br. at 2. Thus, it is not clear how Plaintiff will be prejudiced at trial. In addition, Defendants' counsel avers that they did not have access to this evidence when they prepared for trial. *See id.* The Court expects that as officers of the Court, Defendants' counsel would not misrepresent their level of access to evidence obtained during the investigation. Plaintiff, however, disputes this, arguing that the FBI has been involved

in both the OIG's investigation and this litigation.  In particular, he points to the fact that Defendants supplemented their initial disclosures after the close of fact discovery to add three potential rebuttal witnesses—Glen Rogers, Don Robinson, and Michael Fowler—shortly after they gave testimony to the OIG for its investigation.  *See* Pl.'s Mot. at 3.  Thus, it appears as though Defendants decided to add them as potential witnesses after learning they gave critical testimony during the OIG investigation.  Defendants do not address this issue in their opposition brief.

Because of the appearance of unfairness and the fact that these witnesses were not identified until after the close of fact discovery, it is critical that Plaintiff have access to any prior statements that may impeach their testimony at trial.  Defendants indicate that they have reviewed the testimony given by these three witnesses to OIG and that only Robinson and Rogers made any statements that are relevant to Plaintiff's retaliation claim.  *See* Defs.' Resp. Br. at 3.  Defendants state that they reviewed statements to determine whether witnesses discussed "plaintiffs' absences from the office during the period from November 2004 through early 2005, plaintiff's management of the Communications Analysis Unit (CAU) during this period, and plaintiff's discrimination or retaliation claims against the FBI." *Id.*  In addition to these topics, Defendants have stated that Fowler and Robinson may testify about "operations of and office morale in CAU."  *See* [171] Joint Pretrial Statement at 33.  It is not clear whether Defendants have reviewed the witnesses' statements to OIG to determine whether they addressed this topic.  Moreover, the Court has explicitly delineated what topics may be relevant at trial, as stated on the record at the Pretrial Hearing and in its most recent orders.  Defendants have an obligation under Rule 26(e) to ensure that they review these witnesses' statements to OIG for any issues that may

be relevant at trial and determine whether supplementation is required; they cannot adopt an overly narrow view of the issues that are relevant.

Plaintiff also contends that he is entitled to his own deposition testimony because it is a "previous statement" that must be disclosed under Rule 26(b)(3)(C). Rule 26(b)(3)(C) provides that "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." However, Rule 26(b) merely defines the scope of discovery; it does not require supplementation after the close of discovery unless otherwise compelled by Rule 26(e). Defendants have already asserted that they have complied with their Rule 26(e) obligations. As the Advisory Committee Notes explain, the purpose of Rule 26(b)(3)(C) is to ensure that a party has access to any previous statements that may be admissible at trial as admissions under Federal Rule of Evidence 801(d)(2). *See* Fed. R. Civ. P. 26(b)(3) advisory committee note (1966 amendment). However, Defendants will be precluded from impeaching Plaintiff with any statements he gave during the investigation, and any such statements would otherwise be inadmissible hearsay if introduced by Plaintiff. Thus, Plaintiff does not need the statements to prepare for trial. Moreover, he is presumably aware of the testimony he gave to OIG, and he has failed to show any other need for a copy of his testimony.

Moreover, there is evidence that producing the evidence Plaintiff seeks will be burdensome for Defendants. Defendants indicate that the transcript of Plaintiff's OIG testimony is 1334 pages long. *See* Defs.' Resp. Br. at 9. Defendants also indicate that the only relevant

testimony of other witnesses amounts to approximately 75 pages.[1]  *Id.* at 8.  The statements of these witnesses are classified, and therefore Plaintiff's request would require over 1400 pages of deposition transcripts to undergo declassification review.  The FBI estimates that such a review would require at least four weeks.  *Id.* at 9.  The evidence that would be produced from this review is likely to be cumulative of information already known to Plaintiff—particularly his own testimony.  Thus, the burden of production outweighs the likely value of such evidence to Plaintiff.

The burden of production becomes even greater if Plaintiff insists that the Defendants review the statements of *every* individual interviewed by OIG who may have mentioned Plaintiff.  OIG interviewed over 100 FBI employees and former employees for its report.  *See* OIG Report at 4.  Defendants have reviewed the statements of only those individuals who were identified as possible witnesses at trial.  *See* Defs.' Resp. Br. at 2 n.2.  The Court is convinced that this is an adequate limitation on Defendant's obligation to search for new evidence.  Although it is conceivable that someone unknown to Plaintiff may have said something favorable about him to OIG that would be admissible at trial, to search the entire OIG investigation record would be like trying to find the proverbial needle in a haystack, except that the needle may not even exist.

In light of the likely cumulative nature of the evidence sought by Plaintiff, the availability of the witnesses during discovery, the lack of undue prejudice to Plaintiff, and the burden of production that would be placed on Defendants, it is, this 19th day of February, 2010, hereby

**ORDERED** that Plaintiff's [174] Motion for Supplementation of Initial Disclosures and

---

[1] Defendants state that after reviewing the statements given to OIG by all potential trial witnesses, only four made statements that are relevant to Plaintiff's remaining retaliation claim: Laurie Bennett, Jennifer Love, Don Robinson, and Glenn Rogers.  *See* Defs.' Resp. Br. at 3.

Discovery Responses is DENIED; provided, however, that Defendants must review the statements of all potential witnesses, including Fowler, for any discussion of topics that are relevant to the issues to be decided at trial, as discussed by the Court at the Pretrial Hearing and in its most recent orders, and comply with their Rule 26(e) obligations to supplement any disclosures or responses that are incomplete or incorrect.

**SO ORDERED.**

                                                      /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge