UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**, *et al*<br><br>Defendants. | Civil Action No. **03-1551** (CKK) |

## ORDER SETTING FORTH TRIAL PROCEDURES IN CIVIL CASES

In order to administer the trial of the above-captioned civil case in a fair, just, efficient and economical manner, it is this 26 day of April, 2010, hereby

**ORDERED,** that counsel for the Plaintiff and Defendants are directed to comply with each of the following procedures and requirements.

I.  GENERAL COURTROOM RULES:

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times. Unless otherwise granted, counsel shall follow these procedures:

1.  All statements by counsel should be directed to the Court and not to opposing counsel.

2.  Lawyers shall stand when making objections.

3.  Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr." or Ms.," or other appropriate title. The use of first names or nicknames is not allowed.

4.  Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.



5.      Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern only. A lawyer will remain at the lectern when addressing the jury or when interrogating a witness.

6.      If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

7.      The rule on witnesses is **always** in effect.

8.      Times for starting and adjourning the trial day will be announced at the start of trial. Court will begin promptly and the jury will not be kept waiting. In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day, when the jury and all others are ready to proceed. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time and jury time will not, however, be lost.

II.     JURY SELECTION:

All members of the panel will be seated in the courtroom in the order in which they are listed on the jury sheets. Attendance will be taken by the courtroom clerk, and the panel will be sworn in.

Voir dire will be conducted by the Court. Requests for voir dire must be submitted by the date ordered in the pretrial order. Questions submitted on the day of trial **will not** be considered. **During the voir dire process, the jury panel will be introduced to all of the participants in the trial and I will ask them a series of questions. If their answer to any question is "yes," they are asked to write the number of the question on a note card. At the end each member**

**of the jury panel will be called up to answer any questions he or she has listed on the card.** At that time counsel may pose brief follow-up questions to those asked by the Court.

Strikes for cause will be heard after each juror is questioned. The order in which they are called to the bench will be according to the list provided by the juror office and not by the questions asked by the court. It is the Court's practice to call to the bench only the number of jurors needed to be able to select a jury.

All peremptory strikes are to be made **on a written form** provided by the Court. Counsel are **not** to make their jury selections in open court or out loud. The Court utilizes the "Arizona" method. A pass will be treated as a strike. When counsel make their written strikes they are to indicate the juror number so there is no confusion. It is particularly important that counsel indicate, in the appropriate column on the form, the race and gender of each juror struck.

III. <u>CONDUCT OF THE TRIAL</u>:

    1.    <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>: Counsel, the parties, shall not make any verbal comments, facial expression, laughter, or other contact with the jury which would be interpreted as conveying a comment one way or the other with respect to any testimony, argument or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel. Any persons violating this rule may be summarily ejected from the courtroom.

    2.    <u>MOTIONS IN LIMINE</u>:    Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed in advance of trial. Any legal matters or evidentiary issues which will arise during the course of the trial and have not been the subject of a motion in limine should be discussed between counsel in advance

but no later than the night before the witness or exhibit is to be admitted in an effort to resolve any objections. If there is no resolution, the proponent of the objection or evidence shall FAX to chambers by no later than 7:15 p.m. in succinct terms the evidence or objection with legal authority, and the opposing party shall FAX by no later than 7:45 a.m. the next day the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning. In this way the jury will not be kept waiting while issues of this nature are discussed and resolved. If the Court has set a time limit for counsel to complete direct and cross-examination, any matters not brought to the Court's attention in this manner will be deducted from the time of the party who did not follow this procedure.

3. <u>WITNESSES</u>: A party calling a witness must arrange for the witness' presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness' testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable. The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.

4. <u>EXHIBIT LISTS</u>: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit. In addition to opposing counsel, copies shall be provided to the court, deputy courtroom clerk and court reporter.

5. <u>EVIDENTIARY OBJECTIONS</u>:   **EVIDENTIARY OBJECTIONS SHALL NOT BE ARGUED IN THE PRESENCE OF THE JURY, EXCEPT COUNSEL MAY**

**STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFOR.** It is expected that counsel shall anticipate and raise these issues before or after the trial day or at breaks. Bench conferences during trial are **discouraged**. Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench). For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or lunch.

6. <u>DIRECT AND CROSS-EXAMINATION</u>:  During direct or cross-examination of a witness, counsel shall not:

   A. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence; *see, e.g., United States v. Sampol*, 636 F.2d 621, 669 (D.C. Cir. 1980);

   B. use an objection as an opportunity to argue or make a speech in the presence of the jury; *see, e.g., United States v. Powe*, 591 F.2d 833, 839 (D.C. Cir. 1978);

   C. show to the jury a document or anything else that has not yet been received into evidence; *cf. United States v. Treadwell*, 740 F.2d 327, 339 (D.C. Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986); or

   D. offer gratuitous comments and asides about witnesses testimony or opposing counsel.

In addition, counsel generally will not be allowed re-cross-examination of any witness;

Failure to abide by these rules may result in severe sanctions.

7. <u>CLOSING ARGUMENTS</u>:  The Court will deliver the bulk of final instructions after closing arguments. With regard to both opening statements and closing arguments, the

Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel shall not:

      A.    make statements of personal belief to the jury or express belief in the credibility of any witness; *see* Model Rules of Prof'l Conduct R. 3.4(e) ("A lawyer may not, in trial . . . state a personal opinion as to the justness of a cause [or] the credibility of a witness."); *see also Olenin v. Curtin & Johnson, Inc.*, 424 F.2d 769 (D.C. Cir. 1968) (noting that an advocate may not argue to the jury his opinion of the issues or the credibility of a witness);

      B.    make personal attacks on other counsel in the case; *see, e.g., Young*, 470 U.S. at 9; *United States v. Mealy*, 851 F.2d 890, 904 (7th Cir.1988);

      C.    appeal to the self interest of the jurors; *see, e.g., United States v. Monaghan*, 741 U.S. 1085 (1985); *United States v. Shirley*, 435 F.2d 1076, 1979 (7th Cir. 1970) (per curiam); or

      D.    make racial, political, or religious comments; *see, e.g., Brooks v. Kemp*, 762 F.2d 1383, 1413 (11th Cir. 1985), *cert. denied*, 478 U.S. 1022 (1986); *United States v. Hollins*, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

8.    <u>*SUA SPONTE* JURY INSTRUCTIONS</u>: If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the Court with the text of the proposed instruction or else the Court will consider the request waived. If a party would like the instruction included in the Court's final instructions to the jury, that party bears the responsibility of making such a request to the Court by no later than 4:00 p.m. on the day prior to the day on which the Court will give the final instructions.

9. <u>TECHNICAL EQUIPMENT</u>: Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's Office at (202) 354-3019.

Date: 4/26/10

COLLEEN KOLLAR-KOTELLY
United States District Judge

## ADDENDUM

## CIVIL TRIAL PROCEDURES

## JURY CASES

1. **Voir Dire**:  Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; please include statement of the case.

2. **Jury Instructions**:  Submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon; submit text of verdict form, including any special interrogatories.

3. **Submit all of the above in Word Perfect *(preferred)* or Word format via e-mail (call chambers at 202-354-3340 for e-mail address).**