## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
BASSEM YOUSSEF,                             )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        Civil Action No. 1:03CV01551 (CKK)
                                            )
FEDERAL BUREAU                              )
OF INVESTIGATION, *et al.,*                 )
                                            )
        Defendants.                         )
_____)

### PLAINTIFF'S MOTION FOR USE OF LOUIS FREEH'S DEPOSITION

Between July and September, 2010, undersigned made repeated attempts to serve

subpoenas on witness Louis Freeh to secure his testimony for the trial.  In July, undersigned sent

a subpoena and a request for waiver of service to Mr. Freeh's office in Wilmington, Delaware.

On or about August 26, 2010, defense counsel informed the undersigned that Mr. Freeh had

informed them that he would not waive service. Undersigned then prepared a subpoena for Mr.

Freeh addressed to his Washington, DC, office. [1] The process server reported that on or about

August 31, 2010, the staff there denied that Mr. Freeh had an office there. On September 2, 2010,

undersigned retained a process server in Wilmington, Delaware, who effected office service on

Mr. Freeh of the attached subpoena (see Exhibit 1 to this motion) and a witness fee. On

September 10, 2010, defense counsel informed the undersigned that Mr. Freeh still contends the

service is not valid and he will be traveling in Europe and will be unavailable to testify in this

_____

1  Mr. Freeh is an attorney duly admitted to practice in the District of Columbia, and lists the
   following address as his office address with the DC Bar Association: Freeh Sporkin Sullivan,
   1299 Pennsylvania Ave NW, Suite 316, Washington DC 20004-2402. This address was also
   listed on Mr. Freeh's web page, http://www.freehgroup.com/, although the "contact us"
   section of that web page is inactive today.

matter. Undersigned contends that plaintiff has made reasonable efforts to subpoena this witness and further efforts would be futile.

Accordingly, plaintiff moves this Court pursuant to Rules 32(a)(3)(B), (D) and (E) of the Federal Rules of Civil Procedure to admit selected excerpts of the deposition of Mr. Freeh in place of his live testimony. The deposition transcript, with these excerpts highlighted in yellow, is pre-marked as Plaintiff's Exhibit 140 and attached as Exhibit 2 to this motion. [2] Counsel for all parties attended Mr. Freeh's deposition on March 18, 2005, and have known about the deposition since that date. The testimony plaintiff seeks to offer through this deposition does not constitute any surprise. Defense counsel were in communication with Mr. Freeh and were aware of his intention not to appear before undersigned counsel learned of his intentions. The deposition transcript is relatively short, and undersigned has designated approximately twenty (20) pages to be read to the jury.

Rule 32(a) permits use of a deposition under the following circumstances:  (B) the witness is at a greater distance than 25 miles from the place of the trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena;  or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. Plaintiff contends that each of these circumstances are presented here.

---

2 Early this morning, undersigned served defense counsel with designations for the portions of Mr. Freeh's deposition that the undersigned plans to use, and invited defense counsel to make counter designations. As of this writing, defense counsel has indicated that they will object to the admission of these excerpts on timeliness grounds.  Defense counsel has not provided counter designations.

Undersigned informed defense counsel by e-mail early this morning of plaintiff's plans to use Mr. Freeh's deposition and providing the excerpts desired. This afternoon, defense counsel responded with an indication that he would object on timeliness grounds. A proposed order granting this motion is attached.

Date: September 13, 2010

Respectfully submitted,

KOHN, KOHN & COLAPINTON, LLP

_/s/ Richard R. Renner_____
Stephen M. Kohn, sk@kkc.com
Richard R. Renner, rr@kkc.com
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone: (202) 342-6980
Fax:    (202) 342-6984
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing motion is filed electronically and will be made available to all counsel of record through this Court's electronic case filing system.

By:     /s/ Richard R. Renner_____
        Richard R. Renner

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| BASSEM YOUSSEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:03CV01551 (CKK) |
| ) | |
| FEDERAL BUREAU ) | |
| OF INVESTIGATION, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PROPOSED ORDER

This matter is before the Court on the Plaintiff's Motion to Use Louis Freeh's Deposition.

Pursuant to Rules 32(a)(3)(B), (D) and (E) of the Federal Rules of Civil Procedure, and for good

cause shown, the motion is granted.  The excerpts indicated in the transcript of Mr. Freeh's

deposition attached to plaintiff's motion are admitted as Plaintiff's Exhibit 140.

It is so ORDERED on this _____ day of September, 2010.


COLLEEN KOLLAR-KOTELLY_____
UNITED STATES DISTRICT JUDGE