UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU<br>OF INVESTIGATION, *et al.,*<br><br>    Defendants. | Civil Action No. 1:03CV01551 (CKK) |

**PLAINTIFF'S MEMORANDUM ON MR. WALL'S TESTIMONY ABOUT CHARACTER AND REPUTATION**

Plaintiff seeks to inquire of witness Thomas "Tony" Wall [1] about his knowledge of Mr. Lewis' reputation for vindictiveness and his experience with Mr. Lewis getting upset at Mr. Wall for raising a concern about discrimination with Mr. Lewis' superior, the Assistant Director.

This testimony is not governed by Fed. R. Evid. 404 as it is not seeking to prove that Mr. Lewis did or did not take any action. Rule 404(a) states, "Evidence of a person's character or a trait of character is not admissible for the purpose of proving **action in conformity therewith** on a particular occasion . . .." [Emphasis added.] This rule prevents a party from arguing that the defendant had a reputation for violence and therefore probably started the fight at issue. Here, as there is no dispute that Mr. Lewis did block Mr. Youssef from participating in inspections, plaintiff's purpose in eliciting character evidence is not to prove **action**, but rather motive and intent. Fed. R. Evid. 405 permits this purpose. As Mr. Lewis is denying that Mr. Youssef's protected activities provoked him to deny the inspections, and that he was motivated solely by consideration of Mr. Youssef's time away from the Unit

---

1  After leaving the courthouse this evening, undersigned learned that Mr. Wall has a medical appointment tomorrow and will not be available to testify as scheduled. Plaintiff plans to make a motion to complete his testimony out of turn when he becomes available.

1

Chief's chair, the evidence of Mr. Lewis' reputation for vindictiveness is relevant to establish his true motive.

On *Old Chief v. United States*, 519 U.S. 172, 190 (1997)[2], the Supreme Court specifically recognized that character evidence is admissible to prove " **motive**, opportunity, **intent**, preparation, plan, knowledge, identity, or the absence of mistake or accident." Indeed, Fed. R. Evid. 404(b) provides that:

> (b) Other crimes, wrongs, or acts
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. **It may, however, be admissible for other purposes, such as proof of motive**, opportunity, **intent**, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Here, Mr. Wall's experience is sufficiently close to Mr. Youssef's so that the experience is probative of Mr. Lewis' motive and intent. In both cases, Mr. Lewis' perceived a violation of a chain of command in raising a concern about discrimination to a superior official. In both cases, Mr. Lewis was upset about how the concern was raised. As such, the specific incident should be admissible. Accord *United States v. Gellene*, 182 F.3d 578, 594-96 (7th Cir. 1999) (defendant, an attorney, must face evidence of his past frauds when he claims lack of intent when he submitted a false statement to a bankruptcy court); *United States v. Van Metre*, 150 F.3d 339, 353 (4th Cir. 1998) (to prove defendant's intent to sexually assault a victim transported across state lines, evidence of his past abduction and sexual assault would be admissible); *United States v. Siegel*, 536 F.3d 306, 317-18 (4th Cir. 2008) (Evidence of defendant's history of fraudulent conduct was admissible to prove defendant's motive for silencing the murder victim).

---

2  A case defendants cited on December 4, 2009, in R- 172-1, p. 7.

One court has applied Rule 404(b) in the employment discrimination context. In *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. Ala. 2008), the court explained:

> We have upheld the admission of coworker testimony in a sexual harassment context under Rule 404(b) to prove the defendant's "motive, . . . intent, . . . [or] plan" to discriminate against the plaintiff. Fed. R. Evid. 404(b); *Phillips v. Smalley Maint. Servs., Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983). Goldsmith and coworkers Jemison and Thomas were discriminated against by the same supervisor, Farley, so the experiences of Jemison and Thomas are probative of Farley's intent to discriminate. Steber was involved in the termination decisions of all four individuals, so the experiences of Jemison, Peoples, and Thomas are probative of Steber's intent.

See also *Sumner v. U.S.P.S.*, 899 F.2d 203, 209 (2d Cir. 1990) (Evidence of disparate treatment of other employees who engaged in similar protected activities tends to make it more likely that the employer's motive was to retaliate against the protected activity.); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 356 (6th Circ. 1998)(holding that "[c]ircumstantial evidence establishing the existence of a discriminatory atmosphere at the defendant's workplace in turn may serve as circumstantial evidence of individualized discrimination directed at the plaintiff.").

In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, the Supreme Court recognized that determining motive is "sensitive and difficult," in that "there will seldom be 'eyewitness' testimony as to the employer's mental processes'". *Miller-El v. Dretke*, 545 U.S. 231 (2005) is a Batson case (i.e., challenge to racial makeup of jury, charging that prosecution used preemptory strikes to knock out black panelists), but Justice Breyer's discussion about the mechanisms of discrimination is insightful. He notes that unconscious internalization of racial stereotypes may lead litigants more easily to conclude "that a prospective black juror is `sullen' or `distant,' even though that characterization would not have sprung to mind had the prospective juror been white" (545 U.S. at 268). Disparate treatment itself is evidence of discrimination. It is not necessary to find an intent to lie to conclude that the employer's stated reason is pretextual.

3

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993). In *Snyder v. Louisiana*, 128 S. Ct. 1203, 1212 (2008), the "proffer of [a] pretextual explanation naturally gives rise to an inference of discrimination intent."

While evidence of other similar acts of discrimination may be admitted to show discriminatory motive or intent, the evidence is only admissible if it is of the same type of discrimination and if the evidence's probative value is not outweighed by danger of confusion, unfair prejudice, or waste of time. See Fed. R. Evid. 403, 404(b). See also *Miller v. Poretsky*, 595 F.2d 780, 783-85 (D.C. Cir. 1978); *Pleasants v. Allbaugh*, 285 F. Supp. 2d 53, 55 (D.D.C. 2003).

Mr. Wall can also testify about Mr. Lewis' character under Fed. R. Evid. 405(a) and (b). These rules state:

> Rule 405. Methods of Proving Character
>
> (a) Reputation or opinion.
>
> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> (b) Specific instances of conduct.
>
> In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

As Mr. Wall has already established his foundation for knowing Mr. Lewis' reputation, he can offer his knowledge of that reputation under Rule 405(a). Moreover, as Mr. Lewis' trait of retaliating is an essential element of Mr. Youssef's case, Mr. Wall can provide proof of specific instances of Mr. Lewis' retaliation under Rule 405(b).

Finally, Mr. Wall can provide relevant lay opinion testimony under Fed. R. Evid. 701. He can express his testimony about his personal knowledge of the FBI's culture disfavoring claims

4

against the FBI.  This testimony is relevant to the culture in which Mr. Lewis was operating, and makes it more likely that his motive was one to retaliate against the protected activity.  That testimony would be in conformity with Mr. Lewis' deposition testimony expressing animus against Mr. Youssef's meeting with the Congressman and the Director, and with his aminus against Title VII applying to the FBI at all. Rule 701, which governs the admissibility of opinion testimony by lay witnesses, states the following:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

In *Gossett v. Oklahoma Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1179 (10th Cir. 2001), the court stated, "Courts generally hold admissible under Rule 701 evidence in the form of lay opinion testimony in discrimination cases when given by a person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices." See also, *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597 (1st Cir. 1987) (evidence of discriminatory atmosphere can be relevant because it tends "to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff"),

Date: September 20, 2010

Respectfully submitted,

KOHN, KOHN & COLAPINTON, LLP


 /s/ Richard R. Renner
Stephen M. Kohn, sk@kkc.com
Richard R. Renner, rr@kkc.com
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone: (202) 342-6980
Fax:    (202) 342-6984
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing motion is filed by fax to 202-354-3342, and served on defense counsel by email to vikas.desai@usdoj.gov, Daniel.Bensing@usdoj.gov, and Carlotta.Wells@usdoj.gov on this 20th day of September, 2010.


By:    /s/ Richard R. Renner
       Richard R. Renner