# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BASSEM YOUSSEF, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:03CV01551 (CKK) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF'S REPLY MEMORANDUM ON MR. WALL'S TESTIMONY ABOUT CHARACTER AND REPUTATION

Defendants' memorandum asserts that "Whether a culture of retaliation existed at the FBI has no bearing on whether a denial of a request to go on an inspection would have a negative effect on a reasonable employee's propensity to engage in protected activities." R-240 memo, p. 2. If Mr. Youssef establishes that FBI managers maintain a culture of retaliation, then a jury could conclude that any individual act of retaliation is more likely to deter reasonable employees from engaging in protected activity. That is the appropriate standard under *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67-68 (2006).

Plaintiff respectfully disagrees with the defendants' assertion that evidence of a culture of retaliation would be irrelevant to causation.  A jury could conclude that the existence of a culture of retaliation would make it more likely that Mr. Lewis' real motive was to retaliate. It is agreed that *Katt v. City of New York*, 151 F. Supp. 2d 313 (S.D.N.Y. 2001) does not require "per se" admission of all cultural evidence. However, it does stand for the proposition that a trier of fact may consider evidence of a culture that is hostile to claims of discrimination.

1

The parties disagree about whether a jury could conclude that Mr. Wall's experiences with Mr. Lewis' animus make it more or less likely that Mr. Lewis' true motive in blocking Mr. Youssef's inspection was due to retaliation or to a legitimate business concern about absenteeism. Plaintiff suggests that it is for the jury to weigh that evidence and make their own conclusion.

The defendants contend that Tony Wall can not offer reputation testimony because he did not enter the Communication Exploitation Section until March or April of 2006. However, this is misleading because Mr. Wall worked under Mr. John Lewis from 2005 when he was in the other section that Mr. Lewis managed as DAD. Where he was in relation the Laurie Bennett and Glenn Roger's is irrelevant as to Mr. Lewis's reputation as a "vindictive manger." During the entire time Mr. Wall served under Mr. Lewis, he had the opportunity the know others who knew Mr. Lewis and to speak to them about Mr. Lewis's reputation. Mr. Wall also has personal knowledge of two specific instances of Mr. Lewis reacting in a vindictive manner, as set out in defendants' memorandum. Mr. Lewis' reputation is likely to have been the same over all the sections he managed as DAD.

In *United States v. Watson*, 1374, 1381 (11th Cir. 1982), the Court of Appeals held that exclusion of opinion testimony as to truthfulness was an abuse of discretion. The *Watson* court noted:

> The rule [FRE 608(a)] imposes no prerequisite conditioned upon long acquaintance or recent information about the witness; cross-examination can be expected to expose defects of lack of familiarity and to reveal reliance on isolated or irrelevant instances of misconduct or the existence of feelings of personal hostility towards the principal witness.
>
> *United States v. Lollar*, 606 F.2d 587, 589 (5th Cir. 1979) (quoting 3 Weinstein's Evidence P 608(04), at 608-20 (1978)).

The *Watson* court reasoned as follows:

2

> That opinion testimony does not require the foundation of reputation testimony follows from an analysis of the nature of the evidence involved. The reputation witness must have sufficient acquaintance with the principal witness and his community in order to ensure that the testimony adequately reflects the community's assessment. *Michelson*, 335 U.S. at 478, 69 S. Ct. at 219. In contrast, opinion testimony is a personal assessment of character. The opinion witness is not relating community feelings, the testimony is solely the impeachment witness' own impression of an individual's character for truthfulness. Hence, a foundation of long acquaintance is not required for opinion testimony. Of course, the opinion witness must testify from personal knowledge. See Fed.R.Evid. 602. But once that basis is established the witness should be allowed to state his opinion, "cross-examination can be expected to expose defects." 3 Weinstein's Evidence P 608(04), at 608-20 (1981).
>
> The record reveals that the opinion witnesses offered by appellants had formed an opinion based on personal knowledge. Consequently, we find that the District Court's exclusion of their testimony for failure to meet a foundation requirement was error. [Footnote omitted.]

The *Watson* court also held that if the trial court had excluded the opinion testimony under Rule 403, it would have abused discretion in doing so. "The merit of their testimony was for the jury to evaluate. See generally *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976)." *Watson*, at 1381, n. 7.

If the Mr. Lewis's reputation was found creditable it would be probative as to his is motive for blocking Mr. Youssef's sixth certification and admissible under Rule 404(b). The fact that Mr. Lewis may or may not be "vindictive" could in the mind of the jury make it more or less probable that after hearing about the meeting with Mr. Meuller and the depositions beginning in November 2004 that he would have a motive or intent to prevent Mr. Youssef's sixth inspection. It would not be unfairly prejudicial for the defendants to answer for Mr. Lewis' other acts contributing to the FBI's culture of retaliation. If Mr. Lewis denies the acts occurred, then it will

3

be for the jury to weigh his credibility, and that of Mr. Wall, to make their conclusion about the facts.  That is their role.

Date: September 21, 2010

                              Respectfully submitted,

                              KOHN, KOHN & COLAPINTON, LLP


                               /s/ Richard R. Renner_____
                              Stephen M. Kohn, sk@kkc.com
                              Richard R. Renner, rr@kkc.com
                              KOHN, KOHN & COLAPINTO, LLP
                              3233 P Street, N.W.
                              Washington, DC 20007
                              Phone: (202) 342-6980
                              Fax:    (202) 342-6984
                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing memorandum in opposition is filed electronically and will be made available to all counsel of record through this Court's electronic case filing system.

By:

/s/Richard R. Renner
Attorney for Plaintiff