**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BASSEM YOUSSEF,<br>　　　　Plaintiff<br><br>　　v.<br><br>ERIC H. HOLDER, JR., United States Attorney General, U.S. DEPARTMENT OF JUSTICE, *et al.*<br>　　　　Defendants. | Civil Action No. 03-1551 (CKK) |

**PRETRIAL SCHEDULING AND PROCEDURES ORDER**

　　　　In order to administer this civil action in a manner fair to the litigants, to ensure the expeditious and efficient resolution of this action, to discourage wasteful pretrial activities, and to improve the quality of trial through advance preparation by the parties, it is, this <u>21st</u> day of <u>January</u>, <u>2015</u> hereby

　　　　**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**. *See, e.g.*, FED. R. CIV. P. 16(f).

　　　　1. **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

　　　　2. **MOTIONS FOR EXTENSIONS OF TIME.** The Court will not entertain or honor stipulations for extensions of time; parties must file a motion in accordance with the following instructions:

　　　　　　(a) Motions for extensions of time must be filed at least four (4) business days prior to the first affected deadline.

　　　　　　(b) Motions for extensions of time are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions.

　　　　　　(c) All motions for extensions of time must include the following or they will not be considered:

　　　　　　　　(i)　　The specific grounds for the extension;

　　　　　　　　(ii)　　The number of previous extensions, if any, granted to each party;

    (iii)    A statement of the impact that the requested extension would have on all other previously set deadlines;

    (iv)    A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

    (v)    A statement of opposing counsel's position vis-à-vis the motion in accordance with Local Civil Rule 7(m).

3. **JOIND PRETRIAL STATEMENT.** The parties must prepare a **Joint** Pretrial Statement and **not** separate statements. The Joint Pretrial Statement shall be prepared as follows:

(a) The parties shall promptly arrange a **face-to-face conference** between counsel, the objectives of which shall be to prepare the Joint Pretrial Statement and to discuss the prospects for settlement;

(b) The Joint Pretrial Statement shall include:

    (i)    All the information required by Local Civil Rule 16.5(b);

    (ii)    A **neutral** statement of the case appropriate to be read to the jury at the commencement of trial;

    (iii)    A statement of **each and every** claim made by a party (including counter-claims and cross-claims), with a sufficiently detailed description of the factual and legal basis for each claim to provide Defendant(s) and the Court with notice of the contours of each individual claim;

    (iv)    A statement of **each and every** defense a party intends to raise (regardless of which party has the burden of persuasion), correlated to the specific claim(s) to which the defense relates;

    (v)    A list of all witnesses any party may call to testify at trial, separately identifying those whom a party expects to present and those whom the party may call if the need arises (including rebuttal witnesses), and **providing a description of the testimony to be elicited from each witness**. The parties need not identify witnesses to be called solely for impeachment purposes **unless** they are already known;

        (1)    **A party may not call any witness at trial that is not identified in the Joint Pretrial Statement** (unless the witness is to be called only for impeachment purposes and is not known at the time the Joint Pretrial Statement is filed);

        (2)    If there is an objection to a witness or to the testimony expected to be elicited from a witness, for whatever reason, the objection must be noted in the Joint Pretrial Statement or it will be deemed waived;

  (3) Witnesses expected to provide opinion testimony must be designated by an asterisk;

(vi) A list of all exhibits that may be offered into evidence by any party, identifying each exhibit by title and date, setting forth a description of each exhibit, and separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises;

  (1) **A party may not offer into evidence any exhibit that is not identified in the Joint Pretrial Statement** (unless the exhibit is to be used only for impeachment purposes and the need for the exhibit is not known at the time the Joint Pretrial Statement is filed);

  (2) **If there is an objection to an exhibit, for whatever reason, the objection must be noted in the Joint Pretrial Statement or it will be deemed waived**;

  (3) The parties should identify any agreed-upon stipulations concerning the authenticity of exhibits and their admissibility. Exhibits will presumed to be authentic unless an objection to their authenticity is made in the Joint Pretrial Statement;

  (4) The parties must describe any demonstrative evidence, physical evidence, video evidence, and the like expected to be introduced into evidence;

(vii) A designation of depositions or portions thereof (by page and line numbers) to be offered into evidence by any party. Any counter-designation sought by any other party must also be included;

(viii) An itemization of damages by the party seeking to recover, setting forth separately each element of damages, and the monetary amount thereof, including prejudgment interest, punitive damages, and attorneys' fees. No monetary amount need be set forth for elements of intangible damage;

(ix) Stipulations of fact agreed upon by the parties;

(x) A list of all pending motions to be decided before or at the commencement of the trial;

(xi) A trial brief addressing any unusual issues of fact or evidence not already submitted to the Court;

(xii) Proposed amendments to the pleadings;

(xiii) An estimate of the trial time required;

*In addition, if a demand for a jury has been made by either party, the Joint Pretrial Statement shall also include:*

(xiv) Any waiver of a jury trial;

(xv) Proposed and agreed-upon jury voir dire questions. If an objection is raised as to any proposed voir dire question, the objecting party must indicate the basis for its objection;

(xvi) Proposed and agreed-upon jury instructions. The parties may list any requested standard blue book jury instructions, but must file with the Court any proposed non-standard blue book jury instructions. **If any party objects to any portion of the jointly submitted jury instructions, the objecting party must identify for the Court: (1) the objectionable portion of the instruction; (2) the basis for the objection; and (3) a proposed alternate instruction**. Each proposed jury instruction or objection must include citations to supporting authority. Citations to standard or pattern instructions are only appropriate if the instructions are being offered verbatim;

(xvii) A proposed verdict form, including any proposed special interrogatories;

*In addition, in non-jury cases, the Joint Pretrial Statement shall also include:*

(xviii) Proposed findings of fact and conclusions of law;

(c) The following statement should be included after the signature blocks of counsel: "The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case."

(d) The contributions of all parties shall be included in the Joint Pretrial Statement;

(e) Counsel for Plaintiff(s) shall be responsible for filing the final Joint Pretrial Statement with the Court. **In addition, counsel for Plaintiff(s) shall call Chambers at (202) 354-3340 to request an e-mail address to send Chambers a copy of the complete Joint Pretrial Statement in Word format.**

4. **OBJECTIONS TO THE JOINT PRETRIAL STATEMENT.** As aforementioned, objections to any portion of the Joint Pretrial Statement must be specifically identified in the Joint Pretrial Statement itself. In addition, **objections to any portion of the Joint Pretrial Statement shall be briefed separately by the parties. The objection, the opposing party's response, and the objecting party's reply shall be filed simultaneously with the Joint Pretrial Statement. Any objection that is not raised may be deemed waived.** The objecting party must both summarize and fully brief the basis for the objection and provide legal authority in support of its position, and responses shall be prepared in a like format.

5. **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

(a) Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

(b) A party may not file a sur-reply without first requesting leave of the Court.

(c) Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**. *See* Local Civil Rule 7(b). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

(d) **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

(e) Each submission shall be accompanied by a table of cases and other authorities cited therein.

(f) Every pleading or paper, regardless of whether it is submitted by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. *See* Local Civil Rule 5.1(e).

6. **MOTIONS *IN LIMINE*.** Motions *in limine* are designed to narrow the evidentiary issues at trial and **are not a substitute for motions for summary judgment.** In light of their limited purpose, **motions *in limine* may not be used to resolve factual disputes**, which remains the "function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). The parties should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and direct the Court to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence. *See U.S. ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 19 (D.D.C. 2008).

7. **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of FED. R. CIV. P. 54(b), FED. R. CIV. P. 59(e), and/or FED. R. CIV. P. 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995). Motions not in compliance with these instructions may be stricken.

8. **COURTESY COPIES.** The parties shall deliver one (1) courtesy copy of any submission that is over twenty-five (25) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers). Courtesy copies shall be appropriately bound and tabbed for ease of reference.

9. **SETTLEMENT.** The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall **promptly** advise the Court.

10. **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

It is **FURTHER ORDERED** that the parties shall adhere to the following schedule:

(a) The parties must promptly meet and confer to fashion a schedule that permits all objections to the Joint Pretrial Statement to be **fully briefed** in advance of the due date for the Joint Pretrial Statement. The parties shall exchange written objections to any portion of the Joint Pretrial Statement by no later than **APRIL 13, 2015**; exchange written responses to any objections by no later than **APRIL 20, 2015**; and exchange written replies, if any, by no later than **APRIL 24, 2015**;

(b) The Joint Pretrial Statement, any objections to the Joint Pretrial Statement, and responses and replies to objections to the Joint Pretrial Statement, shall be filed with the Court by no later than **MAY 15, 2015**;

(c) Motions *in limine* shall be filed with the Court by no later than **JUNE 8, 2015**; oppositions shall be filed by no later than **JUNE 22, 2015**; replies, if any, shall be filed by no later than **JUNE 29, 2015**; and

(d) The Pretrial Conference shall be held on **AUGUST 12, 2015**, from **9:30 A.M. to 12:00 P.M.**

Additional dates will be set as necessary. The dates identified above are firm; the Court has endeavored to give the parties the schedule that they have requested and expects that they will adhere to that schedule.

**SO ORDERED.**

                                      /s/
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge